UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIJAH MILLER,

       Plaintiff,

v.                                                              Case No. 8:25-cv-1640-KKM-NHA

GLOBAL ELECTRONIC TESTING
SERVICES, d/b/a Global ETS, LLC,

       Defendant.

_____/

## ORDER

Defendant Global Electronic Testing Services (GETS) moves for an order compelling non-party The Lab Worldwide, LLC to produce documents and give testimony in response to a subpoena. Because Defendant's motion is untimely, and because Defendant does not show good cause for its untimeliness, I deny the motion.

### I.    Background

Plaintiff Elijah Miller initiated this action by suing GETS, his former employer, alleging that his GETS supervisors harassed and discriminated against him because of his race, and retaliated against him after he raised internal complaints about it. Doc. 1. Along with its answer, Defendant brought counterclaims against Plaintiff, alleging that, after his resignation, Plaintiff helped a former GETS customer establish a competing electronic testing

company—The Lab Worldwide—and shared Defendant's confidential trade secrets and violating his non-compete and NDA in the process. Doc. 13.

In October 2025, the Court issued a Case Management and Scheduling Order. Doc. 22. The Scheduling Order set a "Discovery Cut-Off and Discovery-Related Motions Deadline" of May 22, 2026. Doc. 22 p. 1.

Shortly before the deadline for discovery-related motions, the parties filed several discovery-related motions. *See* Docs. 36, 37, 43, 47. Relevant here, Defendant moved for leave to depose non-party The Lab Worldwide after the May 22 discovery deadline. Doc. 47. The motion requested only that the Court "modify the Scheduling Order to accommodate The Lab and its counsel to allow the deposition and document production to occur on or before June 5, 2026." Doc. 47 p. 5. On May 20, the Court granted the motion for leave to conduct a deposition after the discovery deadline, stating: "Defendant may depose The Lab's representative on or before June 5, 2026. All other deadlines remain in place." Doc. 48.

On June 26, 2026—more than a month after the initial discovery deadline, three weeks after the extended deadline, and four days after Defendant filed its motion for summary judgment, *see* Doc. 54—Defendant moved to compel The Lab to produce documents that The Lab's corporate representative had refused to produce at a June 3 deposition. Doc. 59. The Court denied the motion without prejudice, stating: "The deadline for

2

discovery-related motions in this case was May 22, *see* Doc. 22, and Defendant does not address the Motion's untimeliness. Accordingly, the motion is denied." Doc. 60.

On July 1, Defendant filed the present motion, renewing its request for an order compelling The Lab to produce documents and give additional testimony. Doc. 61. The motion draws attention to the Court's May 20 order finding good cause to permit Defendant to depose The Lab after the discovery deadline, and argues: "based upon this Court's order extending the discovery deadline Global should be permitted to compel answers to questions and production of documents based upon the extended discovery deadline [sic]." Doc. 61 ¶¶ 3–5.

## II.    Analysis

Rule 16(b) of the Federal Rules of Civil Procedure requires courts to issue a scheduling order "as soon as practicable," and specifies that the order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." FED. R. CIV. P. 16(b)(2)–(3). Once issued, scheduling orders "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

If a party files a motion after the deadline for that category of motion, the party "must first demonstrate good cause under Rule 16(b)" for the untimely motion before a court may consider the merits of the motion. *Sosa v.*

*Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). In the Rule 16(b) context, the good cause requirement "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id.* at 1418 (quoting an advisory committee's note to Rule 16).

Here, as with the first version of the motion (Doc. 47), the present motion (Doc. 61) does not establish or purport to establish good cause for moving to compel production of documents and testimony over a month after the May 22 deadline for discovery-related motions and three weeks after the extended deadline to seek testimony and documents from the Lab. The motion does not cite Rule 16(b) or discuss the good cause standard. Instead, the motion seems to imply that, because Defendant was granted leave to depose The Lab on or before June 5, a June 26 or July 1 motion related to that deposition is timely. But the Court's order granting Defendant leave to depose The Lab after the discovery deadline was clear: "All other deadlines remain in in place." Doc. 48. Even had extending the deadline to seek testimony and documents from The Lab to June 5 also implicitly extended the deadline to file motions relating to that deposition to that date, the present motion would still be untimely. The renewed motion fails to provide good cause for this delay—particularly given that The Lab's representative stated on June 3 that The Lab would not produce the documents Defendant now seeks. *See* Doc. 61 ¶ 14.

4

For these reasons, Defendant's Amended Motion to Compel Testimony and the Production of Documents is denied.

**DONE** and **ORDERED** on July 8, 2026.

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE