**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELIJAH MILLER,

Plaintiff,

v. Case No. 8:25-cv-1640-KKM-NHA

GLOBAL ELECTRONIC TESTING SERVICES d/b/a/ Global ETS, LLC,

Defendant.

---

**ORDER**

Defendant Global Electronic Testing Services objects to the magistrate judge's order denying Global's amended motion to compel testimony and the production of documents from non-party The Lab Worldwide, LLC. *See* Objs. (Doc. 65). I affirm the magistrate judge's ruling and overrule Global's objections.

## I. BACKGROUND

The deadline for discovery and to file discovery-related motions in this case was May 22, 2026. *See* Case Management and Scheduling Order (Doc. 22). On April 22, 2026, Global served a subpoena seeking the production of documents without a deposition on The Lab. *See* Mot. for Leave (Doc. 47) at 2. The Lab failed to respond or produce the requested documentation. *See id.* On

May 8, 2026, Global moved to compel production of the documents. *See id.* On May 11, 2026, Global served The Lab with a subpoena duces tecum with deposition of a representative of The Lab. *See id.* The magistrate judge denied this motion as moot after Global filed a notice stating that The Lab and Global agreed that the subpoena duces tecum "addressed the very same document request as the original [s]ubpoena" and the need to compel production would be obviated by the pending deposition. *See* Notice (Doc. 40) at 2–3; (Doc. 41).

On May 20, 2026, Global moved for leave to reschedule the deposition of The Lab's representative until after the deadline. *See id.* The motion requested only that the Court "allow the deposition and [accompanying] document production to occur on or before June 5, 2026." *Id.* at 5. The magistrate judge granted leave because of Global's "prior attempts to obtain discovery from The Lab." *See* (Doc. 48). The magistrate judge's order stated that, "[Global] may depose The Lab's representative on or before June 5, 2026. All other deadlines remain in place." *Id.*

The deposition occurred on June 3, 2026. Am. Mot. to Compel (Doc. 61) ¶ 12. At the deposition the representative testified that The Lab did not produce certain documents requested in Global's subpoena because they were "proprietary and trade secrets." *See id.* ¶ 14. Twenty-three days later, on June 26, 2026, Global moved to compel testimony and the production of documents from The Lab. *See* Mot. to Compel (Doc. 59). On June 28, 2026, the magistrate

judge denied the motion without prejudice because the motion did not address the fact that it came after the deadline for discovery and discovery-related motions. *See* (Doc. 60). On July 1, 2026, Global filed its amended motion to compel. *See* Am. Mot. to Compel. On July 8, 2026, the magistrate judge denied the amended motion. *See* Order (Doc. 62). On July 17, 2026, Global timely objected. *See* Objs.

## II. LEGAL STANDARD

Rule 72 permits objection to a magistrate judge's non-dispositive orders and provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The clear error standard is "highly deferential." *See Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). For a finding to be clearly erroneous, the district court must be "left with the definite and firm conviction that a mistake has been committed." *Id.* Additionally, for a non-dispositive discovery ruling to merit reversal, the objecting party must show that the "ruling resulted in substantial harm to [that party's] case." *See Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003); *Burke v. Bowns*, 653 F. App'x 683, 690 (11th Cir. 2016) (per curiam) (applying the substantial harm standard to a district court's affirmance of a magistrate judge's non-dispositive discovery order).

## III. ANALYSIS

As an initial matter, Global does not show, or even attempt to show, that the magistrate judge's order resulted in "substantial harm" to its case. *See generally* Objs. The Court is left to speculate as to what harm, if any, resulted from the magistrate judge's denial of the motion to compel further testimony and document production from The Lab. The objections are overruled, and the magistrate judge's order is affirmed, on this basis alone.

Even had Global demonstrated that it suffered substantial harm, I still would overrule its objections. Global argues at length that good cause existed to grant leave to move to compel The Lab after the discovery deadline. *See id.* at 6–11. The problem is that *none* of the relevant arguments and case law were in Global's amended motion to compel. *Compare id.*, *with* Am. Mot. to Compel at 1–5. The legal authority cited in the amended motion was the same as in the original motion and it addressed only the ideas that The Lab had waived any right to object to the subpoena and that the information sought was able to be compelled under Florida law. *See* Am. Mot. to Compel at 4–5; Mot. to Compel at 3–4.

As the magistrate judge's order noted, "as with the first version of the motion," Global's amended motion "does not establish or purport to establish good cause for moving to compel production of documents and testimony over a month after the May 22 deadline . . . and three weeks after the extended

deadline to seek testimony and documents from the Lab." Order at 4. Indeed, the amended "motion does not cite Rule 16(b) or discuss the good cause standard," *id.*, even though a party who moves after the deadline in a scheduling order "must first demonstrate good cause under Rule 16(b)," *see Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam).

After the magistrate judge denied the first motion without prejudice, Global amended its motion by adding a few sentences that, at most, "seem[] to imply that, because [Global] was granted leave to depose The Lab on or before June 5, a June 26 or July 1 motion related to that deposition is timely." *See* Order at 4; Am. Mot. to Compel ¶¶ 2–5 (laying out the chronology and stating that The Lab failed to answer certain questions or produce certain documents during the approved extension, thus, "based upon this Court's order extending the discovery deadline Global should be permitted to compel answers to questions and production of documents").

The magistrate judge's order was not clear error. In its amended motion, Global neglected to argue the relevant standard (or any standard). Instead it essentially just articulated the chronology of events and left it to the Court to formulate the relevant arguments for it. This the Court may not do, and the magistrate judge rightly denied the motion. *See Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("Our adversarial system requires [that parties present the argument on which basis their relief is granted]; district

courts cannot concoct or resurrect arguments neither made nor advanced by the parties.").

Accordingly, Global's Objections to the Magistrate Judge's Order (Doc. 65) are **OVERRULED.**

**ORDERED** in Tampa, Florida, on August 11, 2026.

Kathryn Kimball Mizelle
United States District Judge